USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. SOUHEIL E. ELIA,

          Plaintiff,

-against-

PAMELA BONDI, U.S. ATTORNEY GENERAL,[1]

          Defendant.

1:24-cv-03947-MKV

**ORDER GRANTING IFP APPLICATION, DENYING FEE WAIVER APPLICATION & ORDER OF SERVICE**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff, proceeding *pro se*, initiated this case in May 2024. [ECF No. 1]. Now before the Court is Plaintiff's request to proceed *in forma pauperis* ("IFP") and fee waiver application. [ECF Nos. 21, 22]. For the reasons described below, Plaintiff's request to proceed IFP is GRANTED and Plaintiff's fee waiver application is DENIED. Moreover, the U.S. Marshals Service is requested to assist with service.

## I.    Request to Proceed IFP

    Plaintiff paid the filing fee in this action in May 2024. The primary purpose of IFP status is to permit a plaintiff to proceed without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914, 1915. However, Plaintiff does indicate that he is not employed, he has less than $20, and relies on family and friends to pay expenses. [ECF No. 21]. Accordingly, leave to proceed in this Court *in forma pauperis* is GRANTED. See 28 U.S.C. § 1915.

## II.    Request for Waiver of PACER Fees

    Plaintiff also requests that the Court waive his PACER fees. [ECF No. 22]. The Judicial Conference of the United States has issued a fee schedule that sets the price for accessing PACER.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Pamela Bondi is automatically substituted for former Attorney General Merrick B. Garland as Defendant.

*See* Electronic Public Access Fee Schedule, Effective January 1, 2020 (Fee Schedule), http://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Paragraph 8 of the Fee Schedule lists the automatic fee exemptions:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.

- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.

- No fee is charged for access to judicial opinions.

- No fee is charged for viewing case information or documents at courthouse public access terminals.

- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (i.e., once every 90 days) a list of the trustee's cases from the PACER Case Locator.

*Id.*

The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances. Fee Schedule ¶ 9. The party seeking a discretionary exemption "must demonstrate that an exemption beyond the . . . automatic exemptions 'is necessary . . . to avoid unreasonable burdens and to promote public access to information.'" *In re Club Ventures Invs. LLC*, 507 B.R. 91, 99-100 (S.D.N.Y. 2014).

Plaintiff alleges no facts suggesting that he will suffer an "unreasonable burden[]" without free access to PACER. *See Pina v. New York State Gaming Comm'n*, No. 24-CV-5383 (LTS), 2024 WL 3565780, at *2 (S.D.N.Y. July 29, 2024). Moreover, Plaintiff's *in forma pauperis* status alone is not sufficient to warrant a special exemption from PACER fees. *Waheed v. Rentoulis*, No. 24-

CV-6476, 2024 WL 4373304, at *3 (S.D.N.Y. Oct. 2, 2024); *Pina*, 2024 WL 3565780, at *2 ("A party seeking a discretionary exemption cannot solely rely on his IFP status alone."). Accordingly, Plaintiff's request for waiver of PACER fees is DENIED.

### III.  Order of Service

Moreover, the Court notes that a summons was never issued in this case and accordingly, proper service has not yet been effectuated. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further respectfully directed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff could not have effected service until the Court ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

**CONCLUSION**

Plaintiff's request for leave to proceed in this Court *in forma pauperis* is GRANTED.

Plaintiff's request for waiver of PACER fees is DENIED.

The Clerk of Court is respectfully directed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Clerk of Court is respectfully requested to terminate the entries at docket numbers 21 and 22.

**SO ORDERED.**

Date: **August 19, 2025**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**