USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. SOUHEIL E. ELIA,

Plaintiff,

-against-

THE UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF JUSTICE, and PAMELA BONDI, U.S. ATTORNEY GENERAL,

Defendants.

1:24-cv-03947-MKV

**ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Dr. Souheil E. Elia, proceeding *pro se*, brings this action against Defendants the United States of America, the United States Department of Justice, and the United States Attorney General (collectively, the "Government") purporting to lodge a "constitutional challenge" to the Government's "interpretation" of 18 U.S.C. § 981(k)(1)(A), a civil forfeiture statute, and seeks relief under the Declaratory Judgment Act ("DJA") in the form of a declaration that the statute affords him a private right of action. [ECF No. 12 ("Complaint" or "Compl.")]. Before the Court is the Government's motion to dismiss Plaintiff's Complaint. [ECF No. 42]. In support, the Government has filed a memorandum of law ("Mem."). [ECF No. 43]. Plaintiff has filed an opposition ("Opp'n"), [ECF No. 47], and the Government has filed a reply ("Reply"). [ECF No. 44].[1] For the reasons set forth below, the Government's motion to dismiss is GRANTED.

[1] While Plaintiff's opposition is docketed after the Government's Reply, the Government explains that Plaintiff served a copy of his opposition on the Government a week before the Government filed its Reply and at that time informed the Government that he had also submitted his opposition with the Pro Se Intake Office, which had not yet docketed the opposition. Reply at 1 n.1. The Government's Reply attaches Plaintiff's opposition brief as an exhibit confirming receipt. [ECF No. 44-1]. Accordingly, Plaintiff's request that his opposition be deemed timely, [ECF No. 46], is GRANTED.

**BACKGROUND**

On May 21, 2024, Plaintiff initiated this case by filing a "Petition for Access to Statute Title 18 [U.S.C. §] 981(k)(1)(A)." [ECF No. 1]. Thereafter, this Court issued an Order explaining that the action was improperly commenced and ordered Plaintiff to file a properly styled complaint. [ECF No. 6]. Thereafter, Plaintiff filed the operative Complaint. [ECF No. 12].

In his Complaint, Plaintiff alleges that he has "$4,115,347 in deposits held illegally in Lebanese Banks" and that these Lebanese banks have illegally seized and transferred those deposits "to their US correspondent banks into 'Interbank Accounts.'" Compl. at 1. Plaintiff alleges that the "Lebanese banks and their US correspondent[]" banks are "engaged in financial crimes against the public" because they continue to "hold Plaintiff's deposits in their interbank Accounts." Compl. at 7. To purportedly remedy this situation, Plaintiff seeks a declaration that he "and qualified members of the public" are permitted "to initiate civil actions to enforce cash forfeiture" under Section 981(k)(1)(A). Compl. at 1, 35-36; *Id.* at 6 ("[A] Declaratory Judgment will provide Plaintiff and other USD depositors the legal authority to file in the proper jurisdiction and venue to recover their capital."). He alleges that his "injury is caused by the sole authority of the government to enforce forfeiture on foreign banks" through Section 981. Compl. at 25.

In his Complaint, Plaintiff identifies ten purported "Counts" under the header "Claims For Relief," but each Count is essentially an argument as to why this Court should interpret Section 981(k)(1)(A) as affording him a private right of action. Compl. at 9-19. For example, in Count Five, Plaintiff argues that permitting a private right of action under the statute does not "harm[] US interests" and in Count Six he argues that an interpretation that permits only the Government a right of action under the statute "does not ensure justice." Compl. at 14-16. Notably, Plaintiff

argues in Count One that the Fourth and Fifth Amendment of the United States Constitution[2] support reading a private right of action into Section 981(k)(1)(A). Compl. at 9-10. In addition, Plaintiff appears to argue that Section 981(k)(1)(A) "derives its authority to enforce forfeiture form the In Rem provisions" which further supports his claim that he should be allowed to sue under the statute. Compl. 32-33. In total, Plaintiff asserts three bases for this Court's jurisdiction—federal question jurisdiction under 28 U.S.C. 1331, the Declaratory Judgment Act, and *in rem* jurisdiction. Compl. at 5.

As for the at issue civil forfeiture statute, Section 981 provides a list of "property [that] is subject to forfeiture *to the United States*." 18 U.S.C. § 981(a)(1) (emphasis added); *see also Miglab Travaux et Servs. v. United States*, No. 25-CV-06318 (JAV), 2026 WL 2169760, at *6 n.3 (S.D.N.Y. July 28, 2026) (Section 981 "merely defines the types of property subject to civil forfeiture"). Section 981(k)(1)(A) provides that funds, which are deposited "into an account at a foreign financial institution" that maintains a U.S. interbank account in the United States, "shall be deemed to have been deposited into the interbank account in the United States." 18 U.S.C. § 981(k)(1)(A). Accordingly, the statute authorizes seizure of funds from the U.S. interbank account "up to the value of the funds deposited into the account at the foreign financial institution." *Id.* Section 981(k)(2) provides that if a forfeiture action is brought under Section 981(k)(1)(A), "it shall not be necessary for *the Government* to establish that the funds are directly traceable to the funds that were deposited into the foreign financial institution." 18 U.S.C. § 981(k)(2) (emphasis added).

[2] While Plaintiff refers to the Fifteenth Amendment in his Complaint, the cited text is the Fifth Amendment. Compl. at 10.

After filing the operative complaint, the Government filed a pre-motion letter concerning its contemplated motion to dismiss, [ECF No. 38], and Plaintiff filed a response. [ECF No. 39]. Thereafter, on January 22, 2026, the Court granted the Government leave to file its motion to dismiss and simultaneously granted Plaintiff a final opportunity to amend his complaint in response to the arguments raised in the Government's anticipated motion to dismiss. [ECF No. 41]. The Court ordered Plaintiff to file a letter on the docket indicating whether it would file an amended complaint by February 5, 2026. [ECF No. 41]. The Court explicitly warned Plaintiff that "**[t]his will be Plaintiff's last opportunity to amend his complaint in response to any issue raised by the Government's pre-motion letter.**" [ECF No. 41 (emphasis in original)]. Plaintiff never filed a letter indicating his desire to file an amended complaint.

Thereafter, the Government filed its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) arguing that the Court lacks subject matter jurisdiction with respect to Plaintiff's case and that Plaintiff fails to state a claim. Briefing is now complete. For the reasons discussed, the motion to dismiss is granted.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In determining whether jurisdiction is proper, a district court accepts the well-pleaded allegations in the complaint as true but may also refer to evidence beyond the pleadings. *Id.*; *see also Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The party asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *Tandon v. Captain's Cove Marina of Bridgeport*, Inc., 752 F.3d 239, 243 (2d Cir. 2014).

Determining subject matter jurisdiction is a "threshold inquiry" that must be determined first. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations must raise "more than a sheer possibility that a defendant has acted unlawfully," and must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Id.* (citation modified). In other words, courts do not credit "conclusory allegations or legal conclusions couched as factual allegations." *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188–89 (2d Cir. 2020) (citation modified).

Because Plaintiff appears *pro se*, the Court must "liberally construe" his pleadings and briefs, "reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). While *pro se* complaints are held to less stringent standards, dismissal is still proper where the complaint "has clearly failed to meet minimum pleading requirements." *Marom v. Town of Greenburgh*, No. 20-CV-03486 (PMH), 2021 WL 797648, at *3 (S.D.N.Y. Mar. 2, 2021) (citation omitted); *see also Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997). Further, even a *pro se* complaint must give "fair notice of what the claim is and the grounds upon which it rests." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (citation modified); *see also Ishutkina v. CitiMortgage, Inc.*, 790 F. App'x 327, 328-29 (2d Cir. 2020).

**DISCUSSION**

The Government moves to dismiss Plaintiff's Complaint on the grounds that: (1) Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure in failing to allege any wrongdoing on the part of the Government; and (2) that, in any event, this Court lacks jurisdiction over Plaintiff's claims because he is essentially seeking to sue under Section 981 which does not afford a private right of action. Mem. at 4-10. In his opposition, Plaintiff asserts that he "is not seeking forfeiture" or "attempting to initiate a forfeiture proceeding under Title 18," but rather "brings a constitutional challenge to the Government's interpretation of [Section 981(k)(1)(A)], specifically the Government's position that the statute's [*in rem*] enforcement mechanism is categorically unavailable to the public." Opp'n at 1.

As an initial matter, in liberally construing Plaintiff's Complaint, the Court concludes Plaintiff has adequately established subject matter jurisdiction. The Government's argument that there is no jurisdiction hinges on the fact that there is no private right of action under Section 981. Mem. at 6-8. However, notwithstanding that Plaintiff insists he is not trying to bring a forfeiture claim (at least at this point in time), Opp'n at 1, the Second Circuit has repeatedly held "[d]eterminations that a federal statute does not provide a private right of action are typically subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) [] for failure to state a claim." *Fair v. Verizon Commc'ns Inc.*, 621 F. App'x 52, 53 (2d Cir. 2015) (collecting Second Circuit authority). Moreover, as the Government recognizes, Plaintiff does raise, however meritless, a "constitutional challenge" and argues that the Fourth and Fifth Amendments entitle him to raise a private cause of action under Section 981. Compl. at 1, 5. This purported constitutional claim is sufficient at the pleading stage for jurisdictional purposes. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the *Constitution*, laws, or

treaties of the United States.") (emphasis added). Tellingly, rather than arguing for dismissal of this claim for lack of jurisdiction, the Government urges this Court to reject it as a matter of law. Mem. at 7 n.3; Reply at 4 ("To the extent Plaintiff is attempting to argue that reading § 981 to have no private right of action violates the Constitution, his claim fails.").

Nonetheless, Plaintiff's complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Even construing Plaintiff's filings liberally to raise the strongest arguments they suggest, see *McLeod*, 864 F.3d at 156, Plaintiff's Complaint falls woefully short in alleging a plausible claim for relief against the named Defendants, which here is the U.S. Government. At bottom, Plaintiff asserts a "constitutional challenge" to the Government's supposed interpretation of Section 981(k)(1)(A) and argues that, among other reasons, the Fourth and Fifth Amendments of the Constitution should entitle him to bring a private cause of action under the statute. Compl. at 1, 9-10. But the Government's "interpretation" of the statute is entirely irrelevant—it does not dictate the meaning of the statute nor in any way impact Plaintiff's rights thereunder, to the extent he has any. In reality, and as made clear in his Complaint, Plaintiff bemoans the fact that various *courts* have concluded that Section 981 does not provide a private right of action. *See* Compl. at 1-2 (noting that "the Courts based on precedence have the tendency to accord its enforcement to the government"). It is true that courts, including the Second Circuit, have held that only the Government can bring a claim under Section 981. *See, e.g.*, *United States v. Assa Co.*, 934 F.3d 185, 190 ("[T]he only plaintiff that can claim civil forfeiture under § 981 is the United States."); *Baker v. United States Customs & Border Prot. Serv.*, No. 19-cv-4512-PHX-DMF, 2019 WL 5458905, at *3 (D. Ariz. Sept. 3, 2019), *report and recommendation adopted*, No. 19-cv-04512-PHX-DMF, 2019 WL 5448311 (D. Ariz. Oct. 24, 2019) ("Simply, 18 U.S.C. § 981, *et. seq*, [] does not provide Plaintiff with a right to initiate a forfeiture action in this Court."); *Aiken*

*v. Interglobal Mergers & Acquisitions*, No. 05-cv-5503 (LAP), 2006 WL 1878323, at *2 (S.D.N.Y. July 5, 2006) (noting the Patriot Act, which created 18 U.S.C. § 981, does not "afford[] a private right of action"). But these holdings have no bearing on how the *Government*—the Defendant here—purportedly violated some unidentified law or caused harm to Plaintiff, a point on which Plaintiff's Complaint is noticeably silent.

In short, while Plaintiff alleges that he is injured by the "sole authority of the government to enforce forfeiture" under Section 981, Compl. at 25, he has failed to allege any wrongdoing by the Government, let alone allege how the Government has possibly incurred liability as to Plaintiff. Accordingly, dismissal of his Complaint for failure to state a claim is proper. *Harnage v. Lightner*, 916 F.3d 138, 143 (2d Cir. 2019); *Calvin v. Schmitt*, No. 15-cv-6584 (NSR), 2017 WL 4280683, at *8 (S.D.N.Y. July 7, 2017) ("When a complaint fails to allege any wrongdoing by the defendant, dismissal is proper."); *Bernstein v. New York*, 591 F. Supp. 2d 448, 465 (S.D.N.Y. 2008) ("In the absence of specific factual allegations as to the actions a defendant took to incur liability that are sufficient to put the defendant on notice of what conduct is at issue, claims against that defendant must be dismissed."); *Sierra v. United States*, No. 97-cv-9329 (RWS), 1998 WL 599715, at *7 (S.D.N.Y. Sept. 10, 1998) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.") (citation modified).

Moreover, setting aside the failure to allege any facts against or wrongdoing by the Government, Plaintiff's purported "constitutional challenge"—*i.e.*, that the Fourth and Fifth Amendment support interpreting Section 981 as providing a private right of action—fails as a matter of law. As the Government points out, these Amendments protect individuals from actions

taken *by the Government* and, contrary to Plaintiff's unfounded assertion, do not guarantee a forfeiture remedy under Section 981(k)(1)(A). *See United States v. Guard*, 152 F.4th 375, 386 (2d Cir. 2025) (Fourth Amendment only proscribes governmental action not seizures effected by a private party); *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (Fifth Amendment only protects citizens against conduct of federal government); *Futia v. Roberts*, No. 23-cv-1774 (VB), 2023 WL 8237246, at *8 (S.D.N.Y. Nov. 28, 2023) (finding plaintiff has no claim against private bank for alleged violations of his Fourth and Fifth Amendment rights).

In short, Plaintiff has failed to state a cognizable claim against the Government.

Moreover, the Court has no jurisdiction to entertain Plaintiff's request under the DJA for a declaration that Section 981 affords him a private right of action. *See Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 113 (2d Cir. 2024) ("The DJA only provides courts with discretion to fashion a remedy, not a cause of action."); *Horton v. Wells Fargo Bank N.A.*, No. 16-cv-1737 (KBF), 2016 WL 6781250, at *4 (S.D.N.Y. Nov. 16, 2016), *aff'd*, 703 F. App'x 23 (2d Cir. 2017) ("The Court concludes that plaintiff has failed to state a cognizable claim under count one and that there is therefore no actual controversy present to support declaratory relief."). In the absence of a cognizable claim, Plaintiff's request for declaratory judgment, which is plainly the fundamental purpose of this action, is simply an obviously improper request for an advisory opinion, which the Court has no jurisdiction to entertain. *See Carney v. Adams*, 592 U.S. 53, 58 (2020) (federal courts are prohibited "from issuing advisory opinions" absent a genuine dispute between the parties); *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) (declaratory judgment act "may not be made the medium for securing an advisory opinion in a controversy which has not arisen"); *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 91-92 (2d Cir. 2023).

In granting Plaintiff leave to amend in in light of the Government's pre-motion letter concerning its anticipated motion to dismiss, the Court made clear that "**[t]his will be Plaintiff's last opportunity to amend his complaint in response to any issue raised by the Government's pre-motion letter.**" [ECF No. 41 (emphasis in original)]. Dismissal with prejudice is particularly apt given Plaintiff was previously afforded an opportunity to amend that he declined. *See City of Pontiac Policemen's and Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014) (affirming dismissal with prejudice and denying leave to amend where party had a prior opportunity to amend); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (*pro se* complaint should not be dismissed with prejudice without providing at least one opportunity to amend). Accordingly, Plaintiff's Complaint is dismissed with prejudice pursuant to Federal Rule of Procedure 12(b)(6) for failure to meet the minimum pleading requirement of stating a claim upon which relief can be granted.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The Clerk of Court is respectfully requested to terminate docket entries 42 and 46 and close the case.

**SO ORDERED.**

**Date: September 7, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**